.....T # .5 4/7.5 /.
........NT & ...../.5./.
SUMMONS ISSUED. Y-/
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. /.
DATE .... //-2-0/

FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

.... .... -2  P  2: 58

U.S. BANK, as trustee of the Chock Full
O'Nuts Corporation Benefit Protection Trust,

Plaintiff,

v.

Civil Action No.

SARA LEE CORPORATION, as successor
corporation to Chock Full O'Nuts Corporation,

Defendants.

04  1232  WGY

**COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT**

MAGISTRATE JUDGE _____

## Introduction

1.     U.S. Bank, as trustee (the "Trustee") of the Chock Full O'Nuts

Corporation Benefit Protection Trust (the "Trust"), brings this declaratory action in order

to resolve an ongoing dispute concerning the defendant's interpretation of the Trust's

terms, which threatens to deprive the Trust's beneficiaries of the intended benefits of the

Trust.  The Trust was created and funded in 1988 by Chock Full O'Nuts ("CFON") to

protect its employees' rights to recover benefits owed to employees under certain CFON

compensation and severance plans ("covered plans") in the event of a change of control

of CFON.  Specifically, the Trust obligates the Trustee, in the event of a "Change in

Control," to authorize and fund the pursuit of claims, including the institution of legal

proceedings if necessary, against CFON's successor to recover benefits to which Trust

beneficiaries are entitled under covered plans.  The dispute giving rise to this action

involves the interpretation of an amendment (the "Amendment") to the Trust executed in 1999 which provides, in relevant part, that the Trustee is not "obligated" to authorize and fund the pursuit of claims under one of the covered plans, the CFON Severance Policy (the "Severance Policy"), on behalf of Trust beneficiaries who submitted such claims to the Trustee after September 8, 2001 (the "Effective Date"). The Trustee has interpreted this provision in a manner that is consistent with the stated purpose of the Trust as authorizing but not obligating the Trustee to authorize and fund the pursuit of such claims. On the other hand, since March 2003, Sara Lee Corporation ("Sara Lee"), the successor to CNOF, has denied benefits due to former CFON employees under the Severance Policy ("Severance Policy Claims") based on its claim that the Effective Date was intended as an absolute bar to such claims. Also, Sara Lee has refused to reimburse the Trust for legal fees expended in pursuit of the Severance Policy Claims that Sara Lee alleges to be time-barred.

2.     By this action, the Trustee seeks declarations that (1) the Trustee is within its rights under the Trust to authorize and fund the pursuit of claims for benefits under the Severance Policy that were submitted to the Trustee after the Effective Date on behalf of Trust beneficiaries; (2) Sara Lee is obligated to reimburse the Trustee for past and future costs expended in the pursuit of claims for benefits under the Severance Policy filed after the Effective Date and authorized by the Trustee, including the Severance Policy Claims and in the pursuit of this action; and (3) Sara Lee is obligated to reimburse the Trust for the past legal fees and costs that the Trust has expended in the pursuit of the Severance Policy Claims.

**Parties**

3.      Plaintiff US Bank, the Trustee of the Trust, is a corporation duly organized under the laws of Ohio with a principal place of business in Minnesota. US Bank administers the Trust from its office in Massachusetts and the Trust assets are wholly contained in Massachusetts.

4.      On information and belief, defendant Sara Lee is a corporation duly organized under the laws of Maryland with a principal place of business in Illinois.

**Jurisdiction and Venue**

5.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. The dispute in this action is between corporations of different states and the amount in controversy exceeds $75,000.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(3).

**Facts**

**The Severance Policy and the Trust**

7.      In May of 1988, in response to an unsolicited takeover attempt, CFON instituted a comprehensive compensation and severance program, including the Severance Policy. The Severance Policy was intended to provide severance benefits to CFON employees whose employment was involuntarily terminated for reasons other than cause, disability, sale of business or death.

8.      Shortly after instituting the Severance Policy, CFON executed the Trust on June 2, 1988, as a means to prevent successor entities to CFON from wrongfully withholding compensation and severance benefits from plan participants.

Specifically, the Trust states that CFON established the Trust in order to

> ensure that [active and former CFON directors and employees] and their
> beneficiaries will receive the benefits which the Company and its
> Affiliates are obligated to provide for them or which they reasonably
> anticipate receiving pursuant to the Plans.[1]

The Trust further explains that:

> the [Plans] are not funded or otherwise secured and the Company has
> agreed to take steps to assure that the future payment of amounts under
> such Plans will not be improperly withheld in the event that a "Change in
> Control"[2] (as hereinafter defined) of the Company should occur.

9.     In the event of a Change in Control, the Trust provides a mechanism for

the Trustee to authorize and fund the pursuit of claims against CFON's successor to

obtain wrongfully withheld benefits.  Section 6.3 of the Trust obligates the Trustee to

negotiate with the CFON's successor to obtain covered benefits on behalf of Trust

beneficiaries unless the Trustee determines that the claim has no basis in law and fact.  If

negotiations fail, the Trustee is obligated to authorize and fund the institution and

maintenance of legal proceedings against CFON's successor to recover amounts due to

Trust beneficiaries under the covered plans.  The Trust was initially funded by CFON

with $700,000 for the payment of fees and expenses incurred by the Trustee in the pursuit

of claims of the covered plan participants.

10.     Section 6.4 of the Trust requires that the Trustee bill the CFON successor

on a monthly basis for all fees and expenses of operating the Trust, including but not

limited to out of pocket expenses and legal fees expended pursuant to the terms of the

---

[1] The term "Plans" refers to the 15 compensation and severance plans attached at Schedule 1 of the Trust.
The Severance Policy is included as one of these listed plans.

[2] "Change in Control" is defined in the Trust as an event whereby the persons constituting the board of
directors of CFON cease to constitute a majority of that board within one year after a merger, proxy contest

Trust. If the CFON successor fails to pay such costs within 30 days of the billing date, the Trustee *may* commence legal action to recover such fees and expenses. If the successor's failure to pay such costs causes the balance in the Trust to fall below $600,000, the Trustee is *obligated* to authorize and fund the commencement of legal action against the CFON successor to recover such costs.

11.    At the time the Trust was executed, National Westminster Bank was named as trustee. As a result of a series of mergers and acquisitions involving National Westminster Bank and its successors, U.S. Bank is the present Trustee of the Trust.

### The Trust Amendment

12.    On October 15, 1999, CFON executed the Amendment.

13.    Among other provisions, Section 6.3 was amended to require that any claim made under the Severance Policy of the CFON Pension Plan must be provided in writing to the Trustee prior to September 8, 2001. The Amendment further states that "The Trustee shall have no *obligation* to pursue any claim under any of the Plans on behalf of any Participant or his beneficiary which has not been timely received in accordance with this paragraph (d)." (emphasis added)

### The Change in Control Event (Hostile Takeover by Sara Lee)

14.    On October 18, 1999, Sara Lee acquired CFON in a hostile takeover resulting in a merger between Sara Lee and CFON.

15.    This event constituted a Change in Control under the terms of the Trust and triggered certain rights and obligations of the Trustee, including but not limited to those included in Sections 6.3 and 6.4.

---

for the election of directors of CFON or a tender or exchange offer for voting securities of CFON.

**Mass Terminations of Sara Lee Employees**

16.    During the two-year period following its hostile takeover of CFON, Sara Lee terminated approximately 250 former CFON employees.

**The Class Action Lawsuit**

17.    In May 2001, certain former employees of CFON represented by attorneys at Bingham Dana LLP (now Bingham McCutchen LLP) filed a class action lawsuit (the "Class Action") in the Southern District of New York against Sara Lee, alleging that Sara Lee violated their rights under various CFON welfare benefit plans. Specifically, the plaintiffs alleged that Sara Lee did not provide the terminated employees with continued group medical, dental, life, long-term disability and "all other employee benefit plans" for the same number of weeks as it paid severance pay, as required by the CFON welfare benefit plans.

18.    The parties agreed to settle the Class Action in September 2003, and are still in the process of administering that settlement pursuant to the settlement agreement (the "Stipulation of Settlement").

19.    Pursuant to the terms of the Trust, all of the legal fees and costs incurred by counsel for the former CFON employees in the pursuit of the Class Action were invoiced to the Trustee and paid by the Trustee on a regular basis. Subsequently, the Trustee passed along those charges by invoicing Sara Lee who then reimbursed the Trustee on a regular basis. The reimbursement to the Trust of all legal fees and costs incurred in the Class Action after September 2003 is governed by a schedule set forth in the Stipulation of Settlement.

**Severance Policy Claims**

20.     Beginning in March of 2003 and continuing through today, counsel at Bingham McCutchen has been pursuing denial of benefits claims under the Severance Policy of the CFON Pension Plan on behalf of eight former CFON employees (the "Severance Policy Claims") outside of the Class Action.  Because these claims arise out of a wrongful denial of benefits under a covered plan and the Trustee has not made a determination that the claims have no merit in law and fact, the Trustee has been funding the pursuit of the wrongfully withheld benefits on behalf of the former CFON employees. Sara Lee was put on notice of the Severance Policy Claims during 2003 and negotiations for payment of the claims have been ongoing with Sara Lee for a year and a half.

21.     In a series of letters sent during 2003 and 2004, Sara Lee has rejected requests for severance benefits on behalf of the former CFON employees, asserting that the September 8, 2001, date in the Amendment was intended to serve as an absolute cut-off date beyond which the Trustee could not bring any claims.  Because the Severance Policy Claims were filed after that date, Sara Lee argues that the Trustee has no authority to pursue these claims.

22.     Accordingly, Sara Lee has rejected for payment all of the Trustee's invoices for reimbursement of all legal fees and costs expended in the pursuit of the Severance Policy Claims pursuant to the terms of the Trust.  In pursuing these wrongfully withheld benefits from Sara Lee, the Trust has expended approximately $67,167 in legal fees and expenses since Feb. 19, 2004, and has incurred another $126,299 that has not yet been paid to counsel.

23.    Sara Lee's refusal to reimburse the Trust for these expenses has caused the Trust assets to fall significantly below the $600,000 figure required by the Trust. The current balance of the Trust is approximately $522,044. As such, the Trustee is obligated to bring suit against Sara Lee pursuant to Section 6.4.

## Count I
## (Declaratory Judgment)

24.    The Trustee realleges and incorporates by reference the allegations of paragraphs 1 through 23.

25.    There is an actual controversy between the parties with respect to whether or not the Trustee has the authority, pursuant to the Trust, to authorize and fund the pursuit of severance claims for denial of benefits under the Severance Policy on behalf of former CFON employees filed after September 8, 2001. The Trustee contends that the clear terms of the Trust permit the Trustee to authorize and fund the pursuit of such claims but that it does not obligate the Trustee to do so. Sara Lee contends that the terms of the Trust prohibit the Trustee from pursuing any claim under the Severance Policy that was filed after September 8, 2001.

26.    A judicial declaration is necessary and appropriate at this time in order that the Trustee may ascertain its rights and obligations with respect to the Trustee's authorization and funding of the pursuit of claims filed after September 8, 2001.

## Count II
## (Declaratory Judgment)

27.    The Trustee realleges and incorporates by reference the allegations of paragraphs 1 through 26.

28.    There is an actual controversy between the parties with respect to whether or not Sara Lee is obligated to reimburse the Trustee for past and future costs expended in the pursuit of claims for denial of benefits under the Severance Policy filed after the Effective Date, including the Severance Policy Claims.

29.    A judicial declaration is necessary and appropriate at this time in order that the Trustee may ascertain Sara Lee's obligations with respect to reimbursement of the Trust for costs expended in the pursuit of claims under the Severance Policy filed after September 8, 2001.

## Count III
## (Breach of Contract)

30.    The Trustee realleges and incorporates by reference the allegations of paragraphs 1 through 29.

31.    As a successor to CFON, Sara Lee is obligated to comply with the terms of the Trust.

32.    The Trust requires Sara Lee to reimburse the Trust for all legal fees and costs expended in the pursuit of the Severance Policy Claims, including costs expended in the prosecution of this action.

33.    The Trust has expended approximately $67,167 in legal fees and expenses since Feb. 19, 2004, and has incurred another $126,299 that has not yet been paid to counsel in the pursuit of the Severance Policy Claims.

34.    The Trustee has not made a finding that the Severance Policy Claims have no basis in law and fact.

35.    In violation of the terms of the Trust, Sara Lee has refused to reimburse the Trust for these expenses.

36.    Pursuant to Section 6.4 of the Trust, the Trustee has an obligation to authorize and fund the commencement of legal action against Sara Lee to recover these amounts due to the Trust because Sara Lee's failure to reimburse the Trust for these expenses has caused the Trust assets to fall below $600,000.

37.    Sara Lee's breach of the terms of the Trust has caused and will continue to cause the Trust to suffer harm.

WHEREFORE, the Trustee requests the Court to enter judgment:

(a)    declaring that the Trustee is within its rights under the Trust to authorize and fund the pursuit of claims under the Severance Policy that were submitted to the Trustee after the Effective Date on behalf of Trust beneficiaries;

(b)    declaring that Sara Lee is obligated to reimburse the Trustee for past and future costs expended in the pursuit of claims under the Severance Policy filed after the Effective Date, including the Severance Policy Claims and in the prosecution of this action;

(c)    requiring Sara Lee to reimburse the Trust $193,466.60 for the past legal fees and costs, including interest, that the Trust has expended and incurred in the pursuit of the Severance Policy Claims; and

(d)    ordering such other relief as is equitable and just.

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Michael T. Gass (BBO #546874)
Jacob A. Labovitz (BBO #646967)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199

Dated:  November 2, 2004        (617) 239-0100